**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

| | |
|---|---|
| In re:<br><br>Richard Schragger<br><br>*Debtor.* | **Chapter 11**<br>**Bankruptcy Case No. 16-**<br>**44532 (CEC)** |
| OLEGARIO FLORES DE JESUS (A/K/A TOMAS GARCIA),<br><br>*Plaintiffs,*<br><br>-against-<br><br>RICHARD SCHRAGGER,<br><br>*Defendant.* | **Adversary Proceeding No.**<br><br>**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT** |

----------------------------------------------------------------X

Plaintiff Olegario Flores De Jesus (a/k/a Tomas Garcia), upon his knowledge and belief, hereby object pursuant to 11 U.S.C. § 523 to the discharge of debts owed to him by Richard Schragger ("Defendant" or "Debtor"), and respectfully represent as follows:

1. Plaintiff Flores De Jesus is a former employees of Richard Schragger at a Subway sandwich shop located at 21-23 Maiden Lane, New York, New York 10038.

2. Plaintiff Flores De Jesus filed an action on August 29, 2016 in the United States District Court for the Southern District of New York against Schragger and co-defendants Subway IP Inc. (d/b/a Subway), @Subway Inc. (d/b/a Subway), Jamie's Catering Inc. (d/b/a Subway), Suzanne Greco, and Emily Ascatio, alleging willful violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). That action is currently pending, under index number 16-cv-6773 (VSB) (the "District Court Action").

3. In the District Court Action Flores De Jesus alleges that Schragger and the co-defendants willfully and maliciously denied Flores De Jesus minimum wage and overtime pay and required him to purchase tools of the trade with his own funds in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.* and New York Labor Law, N.Y. Lab. Law ("NYLL") §§650, *et seq.*, and additionally willfully and maliciously violated the NYLL by failing to pay spread of hours pay, unlawfully retaining portions of his gratuities, and failing to provide wage statements together with payments of wages and annual wage notices.

4. A true and correct copy of the complaint in the District Court Action, filed August 29, 2016, is annexed as Exhibit A, and the allegations therein are incorporated by reference.

5. Schragger committed violations of the FLSA and NYLL against Flores De Jesus intentionally and deliberately, knowing that as a result of Schragger's unlawful underpayments Flores De Jesus would be injured as he would receive less pay than is required by law.

6. Schragger committed violations of the FLSA and NYLL wrongfully and without just cause or excuse.

7. Flores De Jesus expects to prove in the District Court Action that Schragger (and the non-debtor co-defendants) willfully and maliciously injured him be denying him minimum wage and overtime pay in violation of the FLSA and NYLL, in addition to other willful and malicious violations of the NYLL.

**FIRST CAUSE OF ACTION**
**(NON-DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523(A)(6) FOR WILLFUL AND MALICIOUS INJURY BY DEBTOR TO PLAINTIFF)**

8. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

9. Plaintiffs Flores De Jesus was employed by the debtor, Richard Schragger, at Subway located at 21-23 Maiden Lane, New York, New York 10038.

10.     As alleged in the District Court Action, Plaintiff Flores De Jesus (a) was not paid the minimum wage and overtime wage required by the FLSA and NYLL; (b) was not paid spread of hours wages when his workdays were longer than ten hours as required by the NYLL; (c) had portions of his gratuities unlawfully retained in violation of the NYLL; (d) was unlawfully required to purchase tools of the trade in violation of the FLSA and NYLL; and (e) was not provided with annual wage notices and weekly wage statements as required by the NYLL.

11.     Richard Schragger's failure to pay Plaintiff Flores De Jesus at the minimum wage rate and at the overtime wage rate, failure to pay spread of hours pay, unlawful retention of gratuities, required purchases of tools of the trade without reimbursement, and failure to provide wage statements and notices were intentional and wrongful acts which cause Plaintiff Flores De Jesus injury in the form of lost wages and gratuities.  Schragger's violations of the FLSA and NYLL were done without just cause or excuse.  Schragger had the ability to comply with the FLSA and NYLL and paid Flored De Jesus the legally required wages but chose not to.

12.     Schragger's failure to pay Flores De Jesus properly in accordance with the FLSA and NYLL caused a willful and malicious injury to him such that the debts owed by Schragger to Flroes De Jesus, including attorneys' fees and costs to which they are entitled under the FLSA and NYLL, should not be discharged.  Therefore, pursuant to 11 U.S.C. § 523(a)(6), Schragger is not entitled to a discharge of such debts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pay for relief as follows:

a)      With respect to the first cause of action, enter judgment and an order denying Schragger a discharge with respect to the FLSA and NYLL debts owed to Plaintiff Flores De Jesus including attorneys' fees and costs, pursuant to 11 U.S.C. § 523(a)(6);

b)  For an award of attorneys' fees and costs incurred in prosecuting this action; and

c)  For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:  New York, New York
        December 27, 2016

   /s/ Joshua S. Androphy
Joshua S. Androphy
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, NY 10165
*Attorneys for Plaintiff Olegario Flores De Jesus*