Michael Faillace
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

OLEGARIO FLORES DE JESUS (AKA TOMAS
GARCIA), *individually and on behalf of others
similarly situated,*

                              *Plaintiff,*

                     -against-

SUBWAY IP INC. (d/b/a SUBWAY), @SUBWAY
INC. (d/b/a SUBWAY), JAMIE'S CATERING INC.
(d/b/a SUBWAY), SUZANNE GRECO, RICHARD
SCHRAGGER, and EMILY ASCATIO,

                            *Defendants.*

-------------------------------------------------------------------X

**COMPLAINT**

**RULE 23 CLASS ACTION
and COLLECTIVE
ACTION UNDER 29
U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Olegario Flores De Jesus (aka Tomas Garcia)  ("Plaintiff Flores" or  "Mr.

Flores"), individually and on behalf of others similarly situated, by and through his attorneys,

Michael Faillace & Associates, P.C., upon information and belief, and as against each of

Defendants @Subway Inc. (d/b/a Subway) and Jamie's Catering Inc. (d/b/a Subway)

("Franchisee Defendant Corporations"), Subway Inc., (d/b/a Subway) ("Franchisor Defendant

Corporation"), Suzanne Greco ("Franchisor Individual Defendant"), Richard Schragger, and

Emily Ascatio ("Franchisee Individual Defendants") (collectively, "Defendants"), alleges as

follows:

## NATURE OF ACTION

    1.     Franchisee Defendant owns, operates or controls a sandwich shop located at 21-

23 Maiden Lane, New York, New York 10038, operating under the trade name "Subway".

2.      Franchisee Defendant is franchised to operate Subway IP Inc. under contract with the Franchisor Defendant.

3.      Subway is a sandwich shop owned by Suzanne Greco, Richard Schragger, and Emily Ascatio, located at 21-23 Maiden Lane, New York, New York 10038.

4.      Upon information and belief, Defendants Suzanne Greco, Richard Schragger, and Emily Ascatio serve or served as owners, managers, principal or agents of Defendant Corporations and through these corporate entities operate the fast food restaurant.

5.      Plaintiff Flores is a former employee of Defendants.

6.      Plaintiff Flores was employed as a food preparer and ostensibly as a sandwich shop delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to sandwich deliveries, including but not limited to cutting vegetables, stocking refrigerator with drinks, cleaning windows, the counter and the sandwich shop, making bread, opening and closing the sandwich shop, tending customers, and bringing in sandwich deliveries (hereinafter, "non-sandwich delivery, non-tip duties").

7.      At all times relevant to this Complaint, Plaintiff Flores worked for Franchisee Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

8.      Rather, Franchisee Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Flores the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

2

9.     Further, Franchisee Defendants failed to pay Plaintiff Flores the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.     Franchisee Defendants employed and accounted for Plaintiff Flores as a sandwich delivery worker, but in actuality his duties included greater or equal time spent performing the non-sandwich delivery, non-tipped functions such as those alleged above.

11.     Regardless, at all times franchisee Defendants paid plaintiff Flores at a rate that was lower than the required tip-credit rate.

12.     Under state law, franchisee Defendants were not entitled to take a tip credit because Plaintiff Flores' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. §146-2.9).

13.     Upon information and belief, Franchisee Defendants employed the policy and practice of disguising Plaintiff Flores' actual duties in payroll records to avoid paying Plaintiff Flores at the minimum wage rate, and to enable them to pay Plaintiff Flores at the lower tipped credit rate (which they still failed to do), by designating him as a sandwich delivery worker instead of a non-tipped employee.

14.     In addition, franchisee defendants maintained a policy and practice of unlawfully appropriating Plaintiff Flores' and other tipped employee's tips.

15.     Upon information and belief, Franchisor Defendant knew or should have known of work performed by Plaintiff and similarly situated employees, and/or knew or should have known of the unlawful policies of requiring Plaintiff and other employees to work without providing the minimum wage, overtime, and spread of hours compensation required by federal

and state law and regulations; and upon information and belief, Franchisor Defendant had the power to stop the work and/or the violations, but did not do so.

16.     Defendants' conduct extended beyond Plaintiff Flores to all other similarly situated employees.

17.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Flores  and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

18.     Plaintiff Flores  now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 et seq., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

19.     Plaintiff now brings this action as a class action under Rule 23 of the Federal Rules of Civil Procedure and seek certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA),

28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental

jurisdiction over Plaintiff Flores' state law claims is conferred by 28 U.S.C. § 1367(a).

21.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a

substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their businesses in this district, and Plaintiff Flores  was employed by

Defendants in this district.

## **PARTIES**

### *Plaintiff*

22.     Plaintiff Olegario Flores De Jesus (aka Tomas Garcia) ("Plaintiff Flores") is an

adult individual residing in Bronx County, New York.

23.     Plaintiff Flores was employed by Defendants from approximately 2005 until on or

about August 2016.

24.     Plaintiff Flores consents to being a party pursuant to 29 U.S.C. § 216(b), and

brings these claims based upon the allegations herein as a representative party of a prospective

class of similarly situated individuals under 29 U.S.C. § 216(b).


### *Franchisor Defendant*

25.     Upon information and belief, Subway Inc. is a corporation organized and existing

under the laws of the State of Connecticut. Upon information and belief, it maintains its national

headquarters at 325 Sub Way, Milford, Connecticut 06461.

26.     Defendant Suzanne Greco is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Suzanne Greco is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

27.     Defendant Suzanne Greco possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

28.     Defendant Suzanne Greco determined the wages and compensation of the employees of Defendants, including Plaintiff Flores, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

29.     Upon information and belief, Franchisor Defendant grants franchises to operate Subway IP Inc. in New York and grant sublicenses to franchisees to use the Subway trademarks.

30.     Facts which demonstrate that Franchisor Defendant was Plaintiff Flores' employer include:

    a.  Defendant suffered or permitted Plaintiff and similarly situated employees to work.

    b.  Defendant acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

    c.  Defendant has an economic interest in the Subway -In location in which Plaintiff and similarly situated employees work.

    d.  Defendant simultaneously benefitted from Plaintiff Flores' work.

    e.  Defendant had either functional and/or formal control over terms and conditions of work of Plaintiff and similarly situated employees.

6

31.     Plaintiff and similarly situated employees performed work integral to each Defendant's operation.

*Franchisee Defendants*

32.     Upon information and belief, @Subway Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its franchised location at 21-23 Maiden Lane, New York, New York 10038.

33.     Upon information and belief, Jaime's Catering Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its franchised location at 21-23 Maiden Lane, New York, New York 10038.

34.     Defendant Richard Schragger is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Richard Schragger is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

35.     Defendant Richard Schragger possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

36.     Defendant Richard Schragger determined the wages and compensation of the employees of Defendants, including Plaintiff Flores, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

37.     Defendant Emily Ascatio is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Emily Ascatio is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

38.     Defendant Emily Ascatio possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

39.     Defendant Emily Ascatio determined the wages and compensation of the employees of Defendants, including Plaintiff Flores, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

40.     Defendants own, operate, or control a chain of fast food restaurants one of which is located in the Financial District area of Manhattan.

41.     Individual Defendants Suzanne Greco, Richard Schragger, and Emily Ascatio possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

42.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

43.     Each Defendant possessed substantial control over Plaintiff Flores' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Flores, and all similarly situated individuals, referred to herein.

44.    Defendants jointly employed Plaintiff Flores, and all similarly situated individuals, and are Plaintiff Flores' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

45.    In the alternative, Defendants constitute a single employer of Plaintiff Flores and/or similarly situated individuals.

46.    Upon information and belief, individual defendants Suzanne Greco, Richard Schragger, and Emily Ascatio operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as  legal entities separate and apart from themselves by, among other things:

> a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;
>
> b.  defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;
>
> c.  transferring assets and debts freely as between all Defendants;
>
> d.  operating Defendant Corporations for their own benefit as the sole or majority shareholders;
>
> e.  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations or closely controlled entities;
>
> f.  intermingling assets and debts of their own with Defendant Corporations;

9

g.  diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

h.  other actions evincing a failure to adhere to the corporate form.

47.    At all relevant times, Franchisee Defendant was Plaintiff Flores' employer within the meaning of the FLSA and New York Labor Law.  Franchisee Defendant had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Flores' services.

48.    Upon information and belief, Franchisor Defendant runs a business dependent on its franchise and corporate-owned store selling and sandwich delivering food based on a prescribed mode. As such, upon information and belief, Plaintiff Flores' work is integral to Franchisor Defendant's operations.

49.    Upon information and belief, Franchisor Defendant coordinated certain customer service options for all restaurants, corporate and franchise owned. For example, Franchisor Defendant has a central research and development team to create new products for Subway.

50.    Upon information and belief, Franchisor Defendant has maintained control over many aspects of Franchisee Defendant's operations. For example, upon information and belief, Subway IP Inc. must conform to standard layout requirements. In addition, upon information and belief, Subway guides Franchisees on how to hire and train employees, as well as materials giving directions to employees as to how to perform their jobs.

51.    Upon information and belief, through its franchise agreement and in other ways, Franchisor Defendant set requirements for the operation of Franchise Defendants and enforced those requirements, in particular, requirements related to the work of Plaintiff and similarly

10

situated employees. The requirements include, but are not limited to monitoring employee performance, specifying equipment, uniforms, and supplies for the use of Plaintiff and other similarly situated employees, and specifying the methods and procedures Plaintiff and other similarly situated employees use in preparing customer orders.

52.     Upon information and belief, through these requirements, Franchisor Defendant had the authority and exercised the authority to control, directly or indirectly, the work of Plaintiff Flores and similarly situated employees.

53.     Upon information and belief, the Franchisor Defendant had the authority to require that Franchisee Defendant employ recordkeeping of the operations of Franchisee Defendant, including systems for tracking hours and wages and for retaining payroll records.

54.     Upon information and belief, these recordkeeping systems required by Franchisor Defendant were an instrument through which unlawful policies, patterns, and/or practices in this case were implemented.

55.     Upon information and belief, Franchisor Defendant had the right to inspect the facilities and operations of Franchisee Defendant.

56.     Upon information and belief, Franchisor Defendant had the right to audit all Franchisee records.

57.     Upon information and belief, Franchisor Defendant had the authority to control, directly or indirectly, the timekeeping and payroll practices of Franchisee Defendant.

58.     Upon information and belief, Franchisor Defendant knew or should have known of, and had the authority to exercise control over, the accuracy of records concerning the hours

and wages of Plaintiff Flores and similarly situated employees through the monitoring of Franchisees.

59.     Franchisor Defendant could have terminated the franchise agreements of Franchisee Defendant and caused Franchisee Defendant to cease operation of the franchise restaurants under certain circumstances, including in the event of violations of the law. Thus, upon information and belief, Franchisor Defendant have had the authority to stop violations of the labor law and, ultimately, to control the employment of Plaintiff and similarly situated employees, including, but not limited to, causing the termination of their employment. Moreover, Franchisor Defendant had the power to induce compliance with applicable wage and hour laws by threatening to terminate a franchise agreement.

60.     In each year from 2010 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

61.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the sandwich shop on a daily basis, such as mustard and mayonnaise, were produced outside of the State of New York.

*Individual Plaintiff*

62.     Plaintiff Flores is a former employee of Defendants, who was employed as a food preparer and ostensibly as a sandwich delivery worker, but had to perform a variety of non-tip tasks at Subway, including those outlined above.

12

63.    Plaintiff Flores seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Olegario Flores De Jesus*

64.    Plaintiff Flores was employed by Defendants from approximately 2005 until on or about August 2016.

65.    Plaintiff Flores was employed by Defendants as a food preparer and ostensibly as a sandwich delivery worker.

66.    However, Plaintiff Flores also was required to spend a significant portion of his work day performing the non-tipped, non-sandwich delivery duties described above.

67.    Although Plaintiff Flores was ostensibly employed as a sandwich delivery worker, he spent over 20% of the time he worked each day performing the non-sandwich delivery duties outline above throughout his employment with Defendants.

68.    Plaintiff Flores regularly handled goods in interstate commerce, such as lettuce and tomato produced outside of the State of New York.

69.    Plaintiff Flores' work duties required neither discretion nor independent judgment.

70.    Throughout his employment with defendants, Plaintiff Flores regularly worked in excess of 40 hours per week.

71.    From approximately August 2010 until on or about January 2015, Plaintiff Flores worked as a food preparer from approximately 6:30 a.m. until on or about 5:00 p.m. Mondays through Fridays and as a sandwich delivery worker from approximately 5:00 p.m. until on or

about 10:30 p.m. Mondays through Fridays and from approximately 10:30 a.m. until on or about 8:00 p.m. on Sundays (typically 89.5 hours per week).

72.     From approximately January 2015 until on or about January 2016, Plaintiff Flores worked as a food preparer from approximately 6:30 a.m. until on or about 10:30 p.m. Mondays through Fridays and from approximately 10:30 a.m. until on or about 8:00 p.m. on Sundays (typically 89.5 hours per week).

73.     From approximately January 2016 until on or about August 2016, Plaintiff Flores worked as a food preparer from approximately 6:30 a.m. until on or about 9:30 p.m. Mondays through Fridays and from approximately 10:30 a.m. until on or about 7:00 p.m. on Sundays (typically 83.5 hours per week).

74.     Throughout his employment with Defendants, Plaintiff Flores was paid the first 40 hours he worked by check and the overtime hours in cash.

75.     From approximately August 2010 until on or about September 2010, defendants paid Plaintiff Flores $7.75 per hour for the hours he worked as a food preparer and $5.00 per hour for the hours he worked as a sandwich delivery worker.

76.     From approximately September 2010 until on or about February 2013, defendants paid Plaintiff Flores $8.00 per hour for the hours he worked as a food preparer and $5.25 per hour for the hours he worked as a sandwich delivery worker.

77.     From approximately February 2013 until on or about November 2013, defendants paid Plaintiff Flores $8.50 per hour for the hours he worked as a food preparer and $5.50 per hour for the hours he worked as a sandwich delivery worker.

14

78.    From approximately November 2013 until on or about July 2014, defendants paid Plaintiff Flores $8.75 per hour for the hours he worked as a food preparer and $5.65 per hour for the hours he worked as a sandwich delivery worker.

79.    From approximately July 2014 until on or about November 2015, defendants paid Plaintiff Flores $8.75 per hour for the hours he worked as a food preparer.

80.    From approximately November 2015 until on or about January 2016, defendants paid Plaintiff Flores $9.00 per hour for the hours worked as a food preparer

81.    From approximately January 2016 until on or about August 2016, defendants paid Plaintiff Flores $10.50 per hour for the hours worked as a food preparer.

82.    Throughout his entire employment with Defendants, Plaintiff Flores was paid his hours over 40 at the regular pay rate.

83.    Plaintiff Flores' wages did not vary regardless of how many additional hours he worked in a week.

84.    In fact, Defendants required Plaintiff Flores to work 30 minutes to 1 hour past his scheduled departure time three times a week, without paying him any additional compensation.

85.    Defendants did not provide Plaintiff Flores with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

86.    Plaintiff Flores was never notified by Defendants that his tips would be included as an offset for wages.

87.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Flores' wages.

15

88.     In addition prior to January 2015, defendants withheld 15% of the tips customers wrote in for Plaintiff Flores in all the credit card and Seamless web orders.

89.     Defendants never provided Plaintiff Flores with an accurate statement of wages, as required by NYLL 195(3).

90.     Defendants never provided Plaintiff Flores with a written notice, in English or in Spanish (Plaintiff Flores' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

91.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

92.     Defendants required Plaintiff Flores  to purchase "tools of the trade" with his own funds—including 2 bicycles, one helmet, a chain and lock, lights for the bicycle, and $600 in bike maintenance.

*Defendants' General Employment Practices*

93.     Defendants regularly required Plaintiff Flores to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime and spread of hours compensation.

94.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Flores  (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

95.     Defendants required Plaintiff Flores, and all other sandwich delivery workers, to perform general non-sandwich delivery, non-tipped restaurant tasks in addition to their primary duties as sandwich delivery workers.

96.     Plaintiff Flores and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

97.     Plaintiff Flores and all other sandwich delivery workers were not even paid at the required tip credit rate by defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiff Flores' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

98.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

99.     Plaintiff Flores' duties were not incidental to his occupation as a sandwich delivery worker, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped duties described above.

100.    In violation of federal and state law, as discussed above, Defendants classified Plaintiff Flores as a tipped employee and paid him at a rate that was lower than the required tip credit rate, when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

101.    Defendants' pay practices resulted in Defendants' sandwich delivery workers, including Plaintiff Flores, not receiving payment for all their hours worked, resulting in their effective rate of pay falling below the required minimum wage rate.

102.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Flores by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving sandwich delivery workers of a portion of the tips earned during the course of employment.

103.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Flores, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

104.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

105.    Defendants failed to inform Plaintiff Flores that they intended to take a deduction against Plaintiff Flores' earned wages for tip income, as required by the NYLL before any deduction may be taken.

106.    Defendants failed to inform Plaintiff Flores that his tips would be credited towards the payment of the minimum wage.

107.    Defendants failed to maintain a record of tips earned by Plaintiff Flores for the sandwich deliveries he made to customers.

108.    Defendants paid Plaintiff Flores his wages partially by check and partially in cash.

18

109.    Defendants failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Flores with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Flores' relative lack of sophistication in wage and hour laws.

110.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Flores  (and similarly situated individuals) worked, and to avoid paying Plaintiff Flores   properly for (1) his full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

111.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

112.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Flores and other similarly situated current and former sandwich delivery workers.

113.    Defendants failed to provide Plaintiff Flores   and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

114.     Defendants failed to provide Plaintiff Flores   and other employees, at the time of
hiring and on or before February 1 of each subsequent year, a statement in English and the
employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof,
whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if
any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the
regular pay day designated by the employer; the name of the employer; any "doing business as"
names used by the employer; the physical address of the employer's main office or principal
place of business, and a mailing address if different; and the telephone number of the employer,
as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

115.     Plaintiff Flores brings his FLSA minimum and overtime wages and liquidated
damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on
behalf of all similarly situated persons who are or were employed by Defendants, or any of them,
on or after the date that is three years before the filing of the complaint in his case (the "FLSA
Class Period"), as employees of Suzanne Greco, Richard Schragger, and Emily Ascatio  (the
"FLSA Class").

116.     At all relevant times, Plaintiff Flores  and other members of the FLSA Class and
the Rule 23 class who are and/have been similarly situated, have had substantially similar job
requirements and pay provisions, and have been subject to Defendants' common practices,
policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them
the required minimum wage and overtime pay of one and one-half times his regular rates for
work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper

wage deductions and other improper credits against Plaintiff Flores' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

117.    The claims of Plaintiff Flores stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

118.    Plaintiff sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

119.    Plaintiff brings his New York Labor Law minimum wage, overtime, spread of hours pay, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class."

120.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

121.    There are questions of law and fact common to the Class including:

a.    what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b.    what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c.      what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d.      whether Defendants failed and/or refused to pay Plaintiffs the minimum wage at the premium rate within the meaning of the New York Labor Law;

e.      whether Defendants improperly deducted "shorts" from the Plaintiffs' wages; and

f.      at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work;

122.    The claims of the representative parties are typical of the claims of the class. Plaintiff and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of wages and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

123.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

124.    The common questions of law and fact predominate over questions affecting only individual members.

125.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

126.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

127.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

128.    At all times relevant to this action, Defendants were Plaintiff Flores' employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Flores (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

129.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

23

130.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

131.    Defendants failed to pay Plaintiff Flores (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

132.    Defendants' failure to pay Plaintiff Flores (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

133.    Plaintiff Flores (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

134.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

135.    At all times relevant to this action, Defendants were Plaintiff Flores' employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Flores (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

136.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

137.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

138.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Flores  (and the FLSA and Rule 23 Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

139.    Defendants' failure to pay Plaintiff Flores (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

140.     Plaintiff Flores (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK MINIMUM WAGE RATE**

141.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

142.    At all times relevant to this action, Defendants were Plaintiff Flores' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Flores (and the FLSA and Rule 23 Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

143.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Flores  (and the FLSA and Rule 23 Class members) less than the minimum wage.

144.    Defendants' failure to pay Plaintiff Flores (and the FLSA and Rule 23 Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

145.    Plaintiff Flores (and the FLSA and Rule 23 Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE LABOR LAW'S OVERTIME PROVISIONS

146.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

147.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Flores  (and the FLSA and Rule 23 Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

148.    Defendants' failure to pay Plaintiff Flores (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

149.     Plaintiff Flores (and the FLSA and Rule 23 Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

150.    Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

151.    Defendants failed to pay Plaintiff Flores (and the FLSA and Rule 23 Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Flores' spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6.

152.     Defendants' failure to pay Plaintiff Flores  (and the FLSA and Rule 23 Class members) an additional hour's pay for each day Plaintiff Flores'  spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

153.     Plaintiff Flores (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**RECOVERY OF EQUIPMENT COSTS**

154.     Plaintiff Flores repeats and realleges all paragraphs above as though set forth fully herein.

155.     Defendants required Plaintiff Flores (and the FLSA and Rule 23 Class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, such as a bicycle, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

156.     Plaintiff Flores (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

157.     Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

158.     Defendants failed to provide Plaintiff Flores  with a written notice, in English and in Spanish (Plaintiff Flores'  primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

159.     Defendants are liable to Plaintiff Flores in the amount of $5,000, together with costs and attorney's fees.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

160.     Plaintiff Flores repeats and realleges all paragraphs above as though set forth fully herein.

161.     Defendants did not provide Plaintiff Flores with a statement of wages with each payment of wages, as required by NYLL 195(3).

162.     Defendants are liable to Plaintiff Flores in the amount of $5,000, together with costs and attorney's fees.

## NINTH CAUSE OF ACTION
## (UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK
## LABOR LAW)

163.     Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

164.     At all relevant times, Defendants were Plaintiff Flores' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

165.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

166.     Defendants unlawfully misappropriated a portion of Plaintiff Flores' (and the FLSA and Rule 23 Class members') tips that were received from customers.

167.    Defendants knowingly and intentionally retained a portion of Plaintiff Flores' (and the FLSA and Rule 23 Class members') tips in violations of the NYLL and supporting Department of Labor Regulations.

168.    Plaintiff Flores (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Flores respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be FLSA and Rule 23 class members in the FLSA and NYLL claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Flores  and the FLSA and Rule 23 class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Flores and the FLSA and Rule 23 class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Flores', and the FLSA and Rule 23 class members', compensation, hours, wages, and any deductions or credits taken against wages;

29

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Flores and the FLSA and Rule 23 class members;

(f)     Awarding Plaintiff Flores and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Flores and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Flores and the members of the FLSA and Rule 23 Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Flores and the members of the FLSA and Rule 23 Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Flores and the members of the FLSA and Rule 23 Class;

(k)     Declaring that Defendants violated the unauthorized deduction provisions of the NYLL as to Plaintiff Flores  and the members of the FLSA and Rule 23 Class;

(l)     Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Flores', and the FLSA and Rule 23 Class

members', compensation, hours, wages; and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Flores  and the FLSA and Rule 23 Class members;

(n)     Awarding Plaintiff Flores and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(o)     Awarding Plaintiff Flores damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Flores  and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(q)     Declaring that Defendants' violations of the NYLL was willful as to Plaintiff Flores and the FLSA and Rule 23 class members;

(r)     Awarding Plaintiff Flores and the FLSA and the Rule 23 class members pre-judgment and post-judgment interest as applicable;

(s)      Awarding Plaintiff Flores  and the FLSA and the Rule 23 class members the expenses incurred in this action, including costs and attorney's fees;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)      All such other and further relief as the Court deems just and proper.

Dated: New York, New York
            August 26, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

_/s/ Michael Faillace_

By:      Michael A. Faillace
            60 East 42nd Street, Suite 2540
            New York, New York 10165
            (212) 317-1200
            _Attorneys for Plaintiff_

32

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 25, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    <u>Olegario Flores de Jesus</u>

Legal Representative / Abogado:    <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:                <u>_____</u>

Date / Fecha:                     <u>25 de agosto de 2016</u>